UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISMAEL BARRAZA,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>                 Defendant. | NO: 12-CV-5165-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary

judgment (ECF Nos. 14 and 18). Plaintiff is represented by Corey J. Brandt.

Defendant is represented by Terrye E. Shea. This matter was submitted for

consideration without oral argument. The Court has reviewed the administrative

record and the parties' completed briefing and is fully informed. For the reasons

discussed below, the Court grants Defendant's motion and denies Plaintiff's

motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

1    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3    404.1520(b); 416.920(b).

4         If the claimant is not engaged in substantial gainful activities, the analysis

5    proceeds to step two.  At this step, the Commissioner considers the severity of the

6    claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

7    claimant suffers from "any impairment or combination of impairments which

8    significantly limits [his or her] physical or mental ability to do basic work

9    activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

10   416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11   however, the Commissioner must find that the claimant is not disabled.  *Id.*

12        At step three, the Commissioner compares the claimant's impairment to

13   several impairments recognized by the Commissioner to be so severe as to

14   preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

15   404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

16   severe than one of the enumerated impairments, the Commissioner must find the

17   claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

18        If the severity of the claimant's impairment does meet or exceed the severity

19   of the enumerated impairments, the Commissioner must pause to assess the

20   claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1  defined generally as the claimant's ability to perform physical and mental work

2  activities on a sustained basis despite his or her limitations (20 C.F.R. §§

3  404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

4  analysis.

5         At step four, the Commissioner considers whether, in view of the claimant's

6  RFC, the claimant is capable of performing work that he or she has performed in

7  the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv);

8  416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

9  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

10 404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the

11 analysis proceeds to step five.

12        At step five, the Commissioner considers whether, in view of the claimant's

13 RFC, the claimant is capable of performing other work in the national economy.

14 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

15 the Commissioner must also consider vocational factors such as the claimant's age,

16 education and work experience.  *Id.*  If the claimant is capable of adjusting to other

17 work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

18 404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

19 work, the analysis concludes with a finding that the claimant is disabled and is

20 therefore entitled to benefits.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    The claimant bears the burden of proof at steps one through four above.

2    *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

3    the analysis proceeds to step five, the burden shifts to the Commissioner to

4    establish that (1) the claimant is capable of performing other work; and (2) such

5    work "exists in significant numbers in the national economy."  20 C.F.R. §§

6    404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

7                                   ALJ'S FINDINGS

8           Plaintiff filed applications for disability insurance benefits and supplemental

9    security income disability benefits on January 27, 2012.  Tr. 159-74.   These

10   applications were denied initially and upon reconsideration, Tr. 90-93, 98-103, and

11   a hearing was requested, Tr. 104-05.  A hearing was held before an Administrative

12   Law Judge on June 8, 2012.  Tr. 31-51.  The ALJ rendered a decision denying

13   Plaintiff benefits on June 25, 2012.  Tr. 17-26.

14          The ALJ found that Plaintiff met the insured status requirements of Title II

15   of the Social Security Act through December 31, 2014.  Tr. 19.  At step one, the

16   ALJ found that Plaintiff had not engaged in substantial gainful activity since July

17   24, 2009, the alleged onset date.  *Id*.  At step two, the ALJ found that Plaintiff had

18   severe impairments, *id.*, but at step three, the ALJ found that Plaintiff's

19   impairments did not meet or medically equal a listed impairment.  Tr. 22.  The ALJ

20   then determined that Plaintiff had the residual functional capacity to:

perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with occasional climbing ramps or stairs, balancing, stooping, kneeling, crouching, and crawling. He should never climb ladders, ropes, or scaffolds. He has a hearing loss in the left ear with normal hearing on the right. He should avoid concentrated exposure to respiratory irritants and hazards such as unprotected heights or dangerous machinery.

*Id*. At step four, the ALJ found that Plaintiff was not able to perform his past relevant work as a respiratory therapist. Tr. 24-25. After considering the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform in the representative occupations such as cashier II, retail price marker, or mail clerk. Tr. 25-26. Thus, the ALJ concluded that Plaintiff was not disabled and denied his claims on that basis. *Id*.

The Appeals Council denied Plaintiff's request for review on November 8, 2012, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

ISSUES

Plaintiff raises three issues for review: 1) Whether the ALJ improperly rejected the opinions of the Plaintiff's treating and examining doctors; 2) Whether the ALJ improperly rejected the Plaintiff's subjective complaints; and 3) Whether the ALJ failed to identify specific jobs, available in significant numbers, which Plaintiff could perform in light of his functional limitations. ECF No. 14 at 9.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

DISCUSSION

**A. Opinions of Treating and Examining Doctor**

Plaintiff contends that the ALJ erred in rejecting the opinion of treating physician Dr. Field that Plaintiff would miss four or more days of work each month and would have to lie down during the day.  ECF No. 14 at 12.

A treating physician's opinions are entitled to substantial weight in social security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Bayliss*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).  An ALJ may also reject a treating physician's opinion which is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible."

1    *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation and

2    citation omitted).

3         While the ALJ agreed with Dr. Field's opinion that Plaintiff could do light

4    work, Tr. 24; 430-43, 458-60, the ALJ rejected Dr. Field's conclusion that Plaintiff

5    "is unable to work" and that he would be expected to miss work "4 or more days

6    per month," Tr. 24; 350-53; 430-34, 458-60.  The ALJ fully explained that

7    Plaintiff's oncologist, Dr. Iacoboni, agreed in March 2012 to certify Plaintiff for

8    temporary disability, based on his request, due to "the disruption in his life from

9    the surgery and chemotherapy."  Tr. 24.  The ALJ explained that he gave this

10    opinion only some weight in light of the temporary nature and lack of functional

11    limitations given.  *Id*.  The ALJ further explained that Dr. Iacoboni reported

12    Plaintiff was working out 6 days a week at the time, appeared healthy and alert,

13    and had been able to gain some weight.  Tr. 23; 356.  The ALJ observed that

14    oncology treatment notes indicate he had "pretty good" treatment tolerance overall,

15    other than one incidence of pancreatitis.  Tr. 23; 360 (2/9/12: doing very well, no

16    nausea vomiting or diarrhea); 354 (2/23/12: doing pretty well, seventh round of

17    chemotherapy 10 days ago, mild nausea, but completely recovered, recommend

18    one more round of chemotherapy).

19         The ALJ credited the medical expert, Dr. Sklaroff's testimony that the

20    progress notes indicate Plaintiff generally felt well on what can be described as

1    relatively mild chemotherapy treatment for a finite period of time, if not already

2    completed.  Tr. 22.  While Dr. Field opined that Plaintiff would need to elevate his

3    legs later in the day, Tr. 430-34; 458-60, the ALJ observed that Plaintiff did not

4    even begin to complain about his feet and knee pain until April 2012, Tr. 422.

5    Most importantly, the ALJ observed that there was no support in the record for the

6    recommendation to elevate his legs.

7        Having reviewed the entire record, the Court finds that the ALJ's rejection

8    of Dr. Field's conclusion concerning Plaintiff's ability to work is grounded in clear

9    and convincing reasons supported by substantial evidence.

10   **B.  Plaintiff's Subjective Complaints**

11        In social security proceedings, a claimant must prove the existence of

12   physical or mental impairment with "medical evidence consisting of signs,

13   symptoms, and laboratory findings."  20 C.F.R. §§ 416.908; 416.927.  A

14   claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R.

15   §§ 416.908; 416.927.  Once an impairment has been proven to exist, the claimant

16   need not offer further medical evidence to substantiate the alleged severity of his or

17   her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

18   As long as the impairment "could reasonably be expected to produce [the]

19   symptoms," the claimant may offer a subjective evaluation as to the severity of the

20   impairment.  *Id.*  This rule recognizes that the severity of a claimant's symptoms

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1  "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation

2  omitted).

3  In the event that an ALJ finds the claimant's subjective assessment

4  unreliable, "the ALJ must make a credibility determination with findings

5  sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not

6  arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958

7  (9th Cir. 2002).  In making such a determination, the ALJ may consider, *inter alia*:

8  (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's

9  testimony or between his testimony and his conduct; (3) the claimant's daily living

10  activities; (4) the claimant's work record; and (5) testimony from physicians or

11  third parties concerning the nature, severity, and effect of the claimant's condition.

12  *Id.*  If there is no evidence of malingering, the ALJ's reasons for discrediting the

13  claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*,

14  688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted).  The ALJ "must

15  specifically identify the testimony she or he finds not to be credible and must

16  explain what evidence undermines the testimony." *Holohan v. Massanari*, 246

17  F.3d 1195, 1208 (9th Cir. 2001).

18  Plaintiff claims that the ALJ failed to provide clear and convincing reasons

19  supported by substantial evidence for discrediting his subjective complaints. ECF

20  No. 14 at 16.  At the hearing, Plaintiff testified to a myriad of symptoms and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1    limitations. Tr. 23 (e.g., He has low energy and feels very weak, such that he will

2    need to lie down 3-4 times day for up to 2-3 hours each time. Other days he won't

3    have to lie down, but will sit and watch TV. He testified he is in bed approximately

4    15 days every month. His diarrhea is constant and he needs to go to the bathroom

5    every 15-30 minutes.).

6          Contrary to Plaintiff's assertions, the ALJ provided a number of clear and

7    convincing reasons for discounting his testimony.  First, the ALJ noted that, the

8    claimant described a very limited lifestyle at the hearing because of side effects of

9    chemotherapy and because of pain in his knees and feet. Tr. 23.  The ALJ found

10   the medical evidence of record simply does not support his claims.

11   　　　Oncology treatment notes at Exhibit 6F indicate he had "pretty good"
         treatment tolerance overall, other than one incidence of pancreatitis in
12       November 2010, and Dr. Sklaroff described the chemotherapy as "relatively
         mild" despite the claimant's claims of extremely high doses. Indeed, the
13       claimant's request for temporary disability in March 2012 because he felt
         "pretty weakened" by the chemo, appeared to come unexpectedly. Dr.
14       Iacoboni reported he was working out 6 days a week at the time, appeared
         healthy and alert, and had been able to gain some weight. Regarding his
15       complaints of pain in the knees and feet, he testified that his knee has not
         been the same since his injury in 2005, yet he worked successfully as a
16       respiratory therapist until 2009, telling Dr. Field at 21F that he was on his
         feet most of the time in that job. Treatment notes do not document any
17       complaints regarding his knees or feet until April 2012 at 10F. The claimant
         is alleging disability since July 24, 2009, but the basis for his claim is not
18       clear. According to Exhibit 2E/2, he was laid off for reasons other than
         disability and there are no treatment records until September 2009 at Exhibit
19       lF, at which time he was described as "generally very healthy," other than
         bouts of bronchitis in the winter. Indeed, in November 2009 he was
20       requesting a signature on a form that said he was in good health. It is not
         until he was evaluated by the gastroenterologist in August 2011 and found to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1   have a GI bleed that his condition could be considered serious in any way.
2   Even at that time (Exhibit 3F), he denied any significant past medical history
    until about 10 months earlier when he started having burning pain in the
3   epigastric area.

4   Tr. 23-24.

5       Having thoroughly reviewed the record, the Court concludes that these

6   reasons are supported by substantial evidence.  The ALJ did not err in relying upon

7   them as a basis for not fully crediting Plaintiff's testimony about the disabling

8   effects of his impairments.

9   **C. Specific Jobs in the National Economy**

10      Plaintiff step 5 argument is dependent upon successfully overturning the

11  ALJ's decision concerning the arguments presented above.  Having rejected those

12  arguments, the Court finds the ALJ's step 5 decision is supported by substantial

13  evidence.  Considering Plaintiff's age, education, work experience, and residual

14  functional capacity, the ALJ found he could still perform other jobs that existed in

15  the national economy including representative positions such as: cashier II, with

16  25,000 jobs in Washington and 1,000,000 jobs in the nation; retail price marker,

17  with 1,500 jobs in Washington and 75,000 in the nation; and mail clerk, with 3,000

18  jobs in Washington and 130,000 in the nation.

19      Accordingly, Defendant is entitled to summary judgment.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 18) is

   **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

The District Court Executive is hereby directed to file this Order, enter

Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** March 11, 2014.



THOMAS O. RICE
United States District Judge